UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 8:21-cr-108-TPB-AAS

MARCOS MARTINEZ URBINA, et al.,

    Defendants.
_____/

### ORDER DENYING "DEFENDANT, MARCOS MARTINEZ URBINA'S MOTION TO DISMISS THE INDICTMENT AND TO SET ASIDE THE ADJUDICATION OF GUILT"

This matter is before the Court on "Defendant, Marcos Martinez Urbina's Motion to Dismiss the Indictment and to Set Aside the Adjudication of Guilt," filed by counsel on March 11, 2022. (Doc. 300). The motion was subsequently adopted by the other Defendants charged in this case.[1] (Docs. 301; 302; 303; 305; 307; 311; 312). On March 25, 2022, the United States of America filed a response in opposition. (Doc. 310). On April 14, 2022, the Court denied the motion in open court and advised the parties that a written order would follow. Upon review of the motion, response, case file, and the record, the Court memorizes and explains its oral ruling as follows:

Defendants challenge the constitutionality of the Maritime Drug Law Enforcement Act ("MDLEA"). Defendants argue that the MDLEA is

---

[1] Defendant Darwin Rivas orally adopted the motion to dismiss at the April 13, 2022, sentencing hearing.

unconstitutional because it is an impermissible extension and usurpation of Congress' power by the Executive Branch. Specifically, Defendants contend that the international law that the Government relies upon for jurisdiction is unconstitutionally vague and that the MDLEA impermissibly transfers power to determine jurisdiction to the Executive Branch.

A recent First Circuit case held that 46 U.S.C. § 70503(d)(1)(C) is unconstitutional. *See United States v. Davila-Reyes*, 23, F.4th 153 (1st Cir. 2022). However, the United States' basis for jurisdiction in this case is 46 U.S.C. § 70502(c)(1)(C). Even the panel that decided *Davila-Reyes* recognized 46 U.S.C. § 70502(c)(1)(C) as a valid basis for jurisdiction. *See id*. at 194 (explaining that foreign nationals engaged in drug trafficking on the high seas could not evade prosecution based on a verbal claim of a vessel's nationality because authorities could "always ask the claimed country of nationality for consent to arrest and prosecute the individuals onboard" pursuant to 46 U.S.C. § 70502(c)(1)(C)).

The Court finds that Defendants' arguments lack merit, including that Article 17 of the United Nationals Convention Against Illicit Traffic in Narcotic Drugs and Psychotropic Substances is unconstitutionally vague.[2] The Eleventh Circuit has consistently rejected constitutional challenges to the MDLEA. As applied to the MDLEA, the protective principle is in full force. *See, e.g.*, *United States v. Tinoco*, 304 F.3d 1088, 1108 (11th Cir. 2002) ("Congress, under the

---

[2] The Court agrees with the Government that the constitutional vagueness doctrine does not concern international treaties but instead concerns whether the criminal statute gives fair warning to individuals who may be charged with a violation of that statute.

'protective principle' of international law, may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that 'has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems.'"). Moreover, the Eleventh Circuit "has held that the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *See, e.g.*, *United States v. Cabezas-Montano*, 949 F.3d 567, 586 (11th Cir. 2020). Indeed, the Eleventh Circuit has "always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies clause." *United States v. Macias*, 654 F. App'x 458, 461 (11th Cir. 2016). Accordingly, the motion is denied.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 20th day of April, 2022.

                          **TOM BARBER**
                          **UNITED STATES DISTRICT JUDGE**